UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PETER OBASOGIE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:12-cv-3172 |
| | § | |
| HARRIS COUNTY HOSPITAL DISTRICT, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM AND ORDER

Pending before the Court in this employment discrimination suit is Defendant Harris County Hospital District's ("HCHD") Motion for Summary Judgment. ("Motion"; Doc. No. 22.) After considering all of the parties' filings, all responses and replies thereto, all of the evidence presented, and the applicable law, the Court is not persuaded that HCHD is entitled to judgment as a matter of law based on the undisputed facts concerning Plaintiff Peter Obasogie's failure to promote claim. The Court is persuaded, however, that Mr. Obasogie has failed to establish a prima facie case of discrimination with respect to his wrongful termination claim. Accordingly, the Court finds that Defendant's motion should be **DENIED IN PART** and **GRANTED IN PART**.

I.   **BACKGROUND**[1]

This age discrimination dispute arises from Mr. Obasogie's employment at HCHD's Lyndon B. Johnson General Hospital ("LBJ"). Mr. Obasogie began to work at LBJ as a Clinical Clerical Technician ("CCT") in 2007. In 2011, the CCT position was eliminated and replaced with the Patient Care Assistant I ("PCA I") and Patient Care Assistant II ("PCA II") positions. Mr. Obasogie was re-classified as a PCA I on May 8, 2011. He was not promoted to PCA II; Mr.

---

[1] The facts reported here are uncontested.

1

Obasogie, who was 61 years old at the time, claims that two younger employees were so promoted, even though he is more qualified for the position. Pl.'s Amended Response to Mot. for Summ. J. at 9 ("Plaintiff's Amended Response"; Doc. No. 27). Thereafter, in March 2012, following an arrest and several missed days of work, HCHD terminated Mr. Obasogie's employment. Mr. Obasogie alleges that he was replaced by a much younger employee. *Id.*

Some months later, Mr. Obasogie brought this lawsuit in the 11th District Court of Harris County under the federal Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17. *See* Doc. No. 1-1. Proceeding pro se, Mr. Obasogie alleges that HCHD discriminated against him because of his age both in its failure to promote him to the PCA II position, and in its subsequent termination of his employment. HCHD removed the case to this court (Doc. No. 1), and this Motion followed.

II. **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 56, summary judgment is warranted if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Importantly, "the mere existence of *some* factual dispute will not defeat a motion for summary judgment; Rule 56 requires that the fact dispute be *genuine* and *material*." *Willis v. Roche Biomed. Lab.*, 61 F.3d 313, 315 (5th Cir. 1995). Material facts are those whose resolution "might affect the outcome of the suit under the governing law . . . ." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (citing *Anderson*, 477 U.S. at 248). A court may consider any evidence in the record,

"including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). However, conclusory affidavits will not suffice to create or negate a genuine issue of fact. *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Shafer v. Williams*, 794 F.2d 1030, 1033 (5th Circ. 1986); *see* Fed. R. Civ. P. 56(c)(4).

The moving party bears the burden of demonstrating that there is no genuine dispute as to any material fact, but it need not negate the elements of the nonmoving party's case. Fed. R. Civ. P. 56(a); *Willis*, 61 F.3d at 315 (citing *Celotex*, 477 U.S. at 322-23); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). If the burden of proof at trial lies with the nonmoving party, the moving party may satisfy its initial burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. However, "[i]f the moving party fails to meet [its] initial burden, the motion must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

Once the moving party has met its burden, the nonmoving party must come forward with specific evidence to raise a genuine issue of material fact. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). Simply resting on the allegations in the pleadings will not suffice. Neither will this burden be satisfied "by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court must draw all reasonable inferences in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255; *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

3

III.   **STATUTORY FRAMEWORK**

The ADEA makes it unlawful for an employer "to fail or to refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."[2] 29 U.S.C. § 623(a)(1). "To establish an ADEA claim, '[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision.'" *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 129 S. Ct. 2343, 2351, 174 L. Ed. 2d 119 (2009)). "Direct evidence is evidence which, if believed, proves the fact without inference or presumption." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) (citing *Brown v. E. Miss. Elec. Power Ass'n*, 989 F.2d 858, 861 (5th Cir. 1993)). However, "[i]f an inference is required for the evidence to be probative as to an employer's discriminatory animus in terminating the former employee, the evidence is circumstantial, not direct." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897-98 (5th Cir. 2002).

Courts in the Fifth Circuit analyze cases alleging circumstantial evidence of discrimination according to the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973). *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010). First, a plaintiff must establish a prima facie case of discrimination. This requires a plaintiff to demonstrate that: 1) the plaintiff was a member of a protected class; 2) the plaintiff was qualified for the position in question; 3) the plaintiff suffered an adverse employment action; and, 4) the plaintiff "was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise

---

[2] Mr. Obasogie brings suit under both the ADEA and Title VII, but only claims discrimination based on age. *See* Fourth Plaintiff Amended Employment Discrimination Complaint ("FAC"; Doc. No. 12). Consequently, as Title VII provides no cause of action for age discrimination, the Court will proceed under the ADEA alone.

4

discharged because of his age." *Id.* (quoting *Berquist v. Wash. Mut. Bank,* 500 F.3d 344, 349 (5th Cir. 2007)). The protected class is defined by the ADEA as "individuals at least 40 years of age." 29 U.S.C. § 631(a). It is undisputed both that Mr. Obasogie, at age 61, was a member of the protected class at the time the challenged employment actions were taken, and that those employment actions – failure to promote and termination – were adverse.

If the plaintiff is able to establish a prima facie case, the defendant must then come forward with a legitimate, non-discriminatory reason for the challenged employment action. *Moss*, 610 F.3d at 922. If the defendant produces this evidence, the burden shifts back to the plaintiff, who must then produce evidence to show that the defendant's reason is merely pretextual. *Id.* A plaintiff may show pretext "either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence." *Id.* (quoting *Jackson*, 602 F.3d at 378-79) (internal quotation marks omitted).

However, when a plaintiff presents direct evidence of discrimination, "the *McDonnell Douglas* test is 'inapplicable.'" *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004) (quoting *Mooney v. Aramco Serv. Co.*, 54 F.3d 1207, 1216-17 & n.11 (5th Cir. 1995)); *see Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121, 105 S. Ct. 613, 621-22, 83 L. Ed. 2d 523 (1985). The Fifth Circuit uses a four-part test to determine whether comments offered as direct evidence are sufficient to overcome summary judgment: the comments must be "1) age related; 2) proximate in time to the [adverse employment decision]; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue." *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 655-56 (5th Cir. 1996); *see Laxton v. Gap*, 333 F.3d 572, 583 n.4 (5th Cir. 2003) (explaining that, after *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000), the Fifth Circuit applies the

*Brown* test to direct evidence only). By contrast, the Fifth Circuit employs a "more flexible" two-part test for comments offered as circumstantial evidence in the context of the *McDonnell Douglas* analysis. *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 441 (5th Cir. 2012). In such a situation, a plaintiff need only show "(1) discriminatory animus (2) on the part of a person that is either primarily responsible for the challenged employment action or by a person with influence or leverage over the relevant decisionmaker." *Id.* (citing *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 226 (5th Cir. 2000); *see Laxton*, 333 F.3d at 583 (citing *Russell*, 235 F.3d at 226).

IV. **ANALYSIS**

    A. **Evidentiary Objections**

Mr. Obasogie has lodged several objections to the summary judgment evidence submitted by HCHD. *See* Doc. Nos. 21, 24, 25, 28, 31. HCHD has not contested any of the evidence offered by Mr. Obasogie. Many of Mr. Obasogie's objections are to the effect that various documents have been forged. Because Mr. Obasogie provides the Court with no reason to doubt the authenticity of these documents, the Court overrules these objections. The business records entered as exhibits fourteen through sixteen to HCHD's Motion for Summary Judgment are properly authenticated by Lou V. Gould, HCHD's custodian of records, and are thus appropriately considered by the Court. *See* Fed. R. Evid. 803(6); Doc. No. 22-14. This includes the 2011 Employee Annual Performance Review and the 2011 Student Training History Report included therein (Doc. Nos. 22-15 – 22-16),[3] as well as the 2010 Employee Annual Performance Review (Doc. No. 22-15). The Court also sees no reason not to credit the transcript of Mr.

---

[3] Mr. Obasogie lodges some of his most strenuous objections to this document, but the Court is not persuaded. The Court finds relevant the evidence supporting the fact, alleged by HCHD, that Mr. Obasogie obtained a score of 240 on his 2011 Annual Performance Review. Chiefly, Mr. Obasogie concedes that even the version of the performance review that he believes is authentic reports the same score. *See* Deposition of Peter Obasogie at 59-62, Aug. 5, 2013 ("Obasogie Deposition"; Doc. No. 22-1).

Obasogie's deposition (Doc. No. 22-1).[4]

In addition, Mr. Obasogie objects to the Time Card Report for the period covering February 26, 2012 to March 10, 2012 (submitted as part of the "Certified EEOC Documents," Doc. No. 22-12), and to an email from Monica Valdes-Rodriquez to Frank Baldwin, dated January 24, 2012 (Doc. No. 22-6). As an initial matter, the Court notes that the "Certified EEOC Documents" filed by HCHD along with its Motion for Summary Judgment are actually accompanied by no certification, or, for that matter, any authentication whatsoever. However, Mr. Obasogie does not allege that they are not the documents submitted to the Equal Employment Opportunity Commission ("EEOC"), and they otherwise appear to be authentic. For example, they are numbered consecutively, and contain materials that do appear to be from the EEOC. Accordingly, the Court will credit them as the documents submitted to the EEOC.

However, Mr. Obasogie does not contend that the Time Card Report was not submitted to the EEOC, but, rather, that it was forged. Mr. Obasogie provides nothing to substantiate this allegation. The Court is satisfied that the Time Card Report is authentic: it is a computer-generated report stamped with the dates of its creation and printing, and is substantially similar to another Time Card Report which Mr. Obasogie does not contest. *See* HCHD Time Card Report for Pay Period 03/11/2012 – 03/24/2012. (Doc. No. 22-12.) The Court will also credit the email from Monica Valdes-Rodriquez to Frank Baldwin. It contains a statement concerning a series of events, and was submitted as part of an exhibit attached to Mr. Obasogie's deposition. Mr. Obasogie appears to have acknowledged receiving it from HCHD. *See* Obasogie Depo. at 113. However, the email was not submitted either under penalty of perjury or as part of a sworn

---

[4] Mr. Obasogie also asks the Court to strike the Employee Schedule covering the period from February 12, 2012 to March 24, 2012, but the Court was unable to locate such a submission by HCHD; only Mr. Obasogie provided the Court with this document. *See* Ex. I, Doc. No. 20. In addition, Mr. Obasogie asks the Court to strike the "Employee Data" submitted by HCHD, but it is unclear to which document Mr. Obasogie refers.

7

affidavit, nor was any authenticating declaration or affidavit submitted along with it. To the extent that it contains statements, they may also be hearsay, although Mr. Obasogie does not raise this objection. Nevertheless, the Court will credit the email for the non-hearsay purpose of showing what evidence Mr. Baldwin relied upon in taking the employment action documented in the form to which the email is attached. *See Johnson v. Spohn*, 334 F. App'x 673, 678 (5th Cir. 2009); *Brauninger v. Motes*, 260 F. App'x 634, 636–37 (5th Cir. 2007).

In addition, Mr. Obasogie challenges the affidavit submitted by Frank Baldwin ("Baldwin Affidavit"; Doc. No. 22-13) as containing several untruths. However, the Court is satisfied that Mr. Baldwin's declaration is proper: it was made on personal knowledge, sets out facts otherwise admissible as evidence, and concerns matters to which Mr. Baldwin appears competent to testify. *See* Fed. R. Civ. P. 56(c)(4). Mr. Obasogie raises several challenges to Mr. Baldwin's credibility, but, particularly at the summary judgment stage, the Court is not to resolve such disputes. Mr. Obasogie also disagrees with Mr. Baldwin's account of the facts of this case. This too does not discredit Mr. Baldwin's affidavit. Mr. Obasogie's objections are overruled.

B. **Failure to Promote**

Mr. Obasogie argues that he was not promoted from the PCA I position to the PCA II position because of his age. In support of his discrimination claim, Mr. Obasogie claims that, when he asked his supervisor, Frank Baldwin, why he had not been promoted, Mr. Baldwin told him that he was "too old" and that he was "not comfortable" as Mr. Obasogie's manager because Mr. Obasogie was "too much older than him." Obasogie Depo. at 63-65, 67-68, 120-21. According to Mr. Obasogie, this exchange occurred on two separate occasions, the first in December 2011 and the second in January 2012. *Id.* at 63-68. It is undisputed that two employees, Natasha Bridges, and Rose Kuyatsemi, who are both younger than Mr. Obasogie,

were promoted to the PCA II positions. *See* Mot. at 7. HCHD argues that Mr. Obasogie was not qualified for the PCA II position because his annual evaluation score was not high enough. *Id.* at 6. HCHD argues that, by contrast, both Ms. Bridges and Ms. Kuyatsemi were qualified for the promotions, as their annual evaluation scores were high enough. *Id.* at 7.

There is a dispute as to whether Frank Baldwin actually made those comments: Mr. Obasogie, when deposed, claimed he did, while Mr. Baldwin has submitted a sworn affidavit stating the contrary. *See* Obasogie Depo. at 63-68, 120; Baldwin Aff. ¶ 8. Thus, the Court is faced with the initial question of whether the alleged comments from Mr. Baldwin would be sufficient to overcome summary judgment. If the alleged statements are insufficient to defeat summary judgment, then this factual dispute is immaterial.

The issue of how to assess the comments turns on whether they are properly considered direct or circumstantial evidence. Mr. Obasogie's filings are not terribly clear on this point. He appears to offer them as direct evidence, and yet he utilizes the *McDonnell Douglas* framework to analyze his claim, suggesting that he is relying on circumstantial evidence only. Therefore, particularly as Mr. Obasogie proceeds pro se, the Court will conduct an independent inquiry into whether the comments are properly treated as direct or circumstantial evidence.

The Court believes that the comments could constitute direct evidence of discrimination, if Mr. Baldwin did, in fact, make them. If Mr. Obasogie's account is true, no inference or presumption is required to prove discriminatory animus or motivation: Mr. Obasogie twice asked why he was not promoted, and twice Mr. Baldwin responded that he was not comfortable supervising individuals "too much older" than he, like Mr. Obasogie. Mr. Obasogie asked these questions and received these answers shortly after he became eligible for promotion, while he was still eligible for promotion. Treating the comments as direct evidence of discrimination is

9

entirely appropriate. HCHD points to a string of Fifth Circuit cases in which various comments were found to be "stray remarks" or otherwise insufficient to stand as direct evidence of discrimination. Def.'s Reply at 2-4 (Doc. No. 29). None of them, however, squarely address the situation here: a direct and unambiguous discriminatory statement from a supervisor with authority to promote, which was offered by that supervisor to explain his temporally proximate failure to promote. Such a statement requires no inferences or presumptions to demonstrate either discriminatory animus or that the employment action was taken because of that animus.

Accordingly, in determining whether the comments are sufficient to defeat summary judgment, the four-part *Brown* test is applicable. The Court believes that the alleged comments satisfy the *Brown* factors. First, they are indisputably and explicitly age related. Second, they are temporally proximate to the failure to promote. According to HCHD, Mr. Obasogie became eligible for promotion on August 2011, *see* Baldwin Aff. ¶ 6, and he went to speak to Mr. Baldwin about the reasons he had not yet been promoted in December 2011 and January 2012, when he was still eligible for, and seeking, the promotion. Third, Mr. Baldwin was Mr. Obasogie's direct supervisor with the power to recommend or prevent Mr. Obasogie's promotion; neither party even suggests that Mr. Baldwin lacked such authority. Fourth, and finally, just as there can be no question that the alleged comments were age-related, there can equally be no question that they were also related to the failure to promote Mr. Obasogie: Mr. Baldwin allegedly made them to explain to Mr. Obasogie why he had not been promoted to the PCA II position. The Court concludes that Mr. Obasogie has presented evidence that, if true, would constitute direct evidence of discrimination.

HCHD responds to this evidence by arguing that Mr. Obasogie was unqualified for the promotion because his annual performance review scores were not high enough. HCHD claims

employees needed a score of 250 or higher on the 2011 Employee Annual Performance Review in order to meet the conditions for promotion to the PCA II position. Baldwin Aff. ¶¶ 6-7. HCHD presents evidence that Mr. Obasogie received a score of 240 on that employee performance review. 2011 Employee Annual Performance Review (Doc. Nos. 22-15 – 22-16). As noted above, although Mr. Obasogie challenges the performance review as forged, he does not dispute that his score was 240. Obasogie Depo. at 59-62. Thus, if HCHD's policy really was to promote only those with performance review scores over 250, then HCHD would prevail.

However, it is unclear exactly what HCHD's policy included. Much like the alleged comments, Mr. Baldwin claims that the policy requires a performance review score over 250, Baldwin Aff. ¶ 6, while Mr. Obasogie claims that it does not, Obasogie Depo. at 50. Mr. Baldwin claims that he informed Mr. Obasogie of this requirement, Baldwin Aff. ¶ 6, and Mr. Obasogie claims that he never did, Obasogie Depo. at 49-50. In support of their claims, both parties filed similar PCA II qualifications documentation. *Compare* HCHD Job Description, Patient Care Technician II, submitted by HCHD (Doc. Nos. 22-10 – 22-11),[5] *with* Job Description, Patient Care Assistant II, submitted by Mr. Obasogie (Ex. B, Doc. No. 23). The Court has been unable to locate a performance review requirement in the official HCHD documents that the parties have submitted. The promotion paperwork for both Ms. Bridges and Ms. Kuyatsemi does note that they each had a performance review score over 250. (Doc. No. 22-16.) While this is consistent with Mr. Baldwin's version of the facts, it is not necessarily determinative of this issue; it remains the case that HCHD's official job qualifications for the PCA II position – the only undisputed job qualifications requirements now before the Court – are silent as to whether or not a particular performance review score is required.

---

[5] The Court notes some confusion regarding the titles HCHD uses to refer to the PCA II position. HCHD has submitted the job qualifications for a "Patient Care Technician II," but it refers to them as the qualifications for the "Patient Care Assistant II" position. *See* Mot. at 5.

11

Consequently, it is not at all clear that Mr. Obasogie was unqualified or would not have been promoted regardless of whether Mr. Baldwin made the comments. Indeed, if Mr. Baldwin made the comments, they very well could be enough for a jury to conclude that discriminatory animus was the "but-for" cause of HCHD's failure to promote Mr. Obasogie. In light of this, the Court concludes that HCHD has not met its burden, and summary judgment should be denied as to Mr. Obasogie's failure to promote claim. Without more conclusive documentary or other evidence, it is essentially Mr. Baldwin's word against Mr. Obasogie's, and the summary judgment mechanism cannot resolve such a basic credibility dispute.

### C. Employment Termination

Mr. Obasogie's employment with HCHD was terminated in March 2012, and Mr. Obasogie contends that this termination of employment was also the result of age discrimination. In support of this claim, Mr. Obasogie again points to the comments he alleges Mr. Baldwin made in December 2011 and January 2012. Pl.'s Am. Resp. at 8. In response, HCHD provides evidence purporting to demonstrate that Mr. Obasogie's employment would have been terminated, regardless of any alleged age discrimination, because of several absences without notification, due to an arrest in March 2012. Mot. at 9-11. Mr. Obasogie claims, however, that his attorney did notify Mr. Baldwin of his absence, and provides an affidavit from her attesting as much. Pl.'s Am. Resp. at 6; Doc. No. 22-9.

Because Mr. Obasogie again relies exclusively on alleged discriminatory comments, the threshold question is again whether those comments constitute direct or circumstantial evidence. The Court believes that, with respect to this employment termination context, the comments are properly considered circumstantial evidence. Mr. Baldwin allegedly made the comments in response to Mr. Obasogie's demands to know why he had not been promoted. Evidence that Mr.

Obasogie was not at one time *promoted* because of age discrimination does not necessarily demonstrate that his employment was later *terminated* for the same reason. Thus, if the comments are taken as true, an inference is required to show discrimination regarding termination of employment: one must infer that the animus displayed in the comments motivated the termination also, extending beyond the failure to promote.

Accordingly, *McDonnell Douglas* provides the appropriate framework under which to analyze Mr. Obasogie's termination of employment claim. According to this analysis, Mr. Obasogie must first establish a prima facie case of discrimination, which he fails to do. There is no dispute that he was a member of the protected class, nor is there any dispute either that he was qualified for the PCA I position he held when his employment was terminated, or that he suffered an adverse employment decision. In order to satisfy the fourth prong, Mr. Obasogie claims that HCHD filled his position with a "Ms. Daisy," who is "in her 20s." Pl.'s Am. Resp. at 9. HCHD does not directly dispute this assertion, but the Court will not accept an unsubstantiated allegation in a filing as evidence sufficient to defeat summary judgment. *See Waggoner v. City of Garland, Tex.*, 987 F.2d 1160, 1166 (5th Cir. 1993).

Nevertheless, the fourth prong can be satisfied with a showing that the plaintiff was "otherwise discharged because of his age." *Jackson*, 602 F.3d at 378 (quoting *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007)). Mr. Obasogie has offered only the comments allegedly made by Mr. Baldwin as evidence of discrimination. To be probative of discrimination in this context, comments offered as circumstantial evidence "alongside other alleged discriminatory conduct" must show "(1) discriminatory animus (2) on the part of a person that is either primarily responsible for the challenged employment action or by a person with influence or leverage over the relevant decisionmaker." *Reed*, 701 F.3d at 441. The alleged comments

satisfy these criteria: they reveal discriminatory animus and were made by Mr. Obasogie's direct supervisor. While they may show animus, though, *without more*, they do not necessarily show motivation. By themselves, then, these comments are insufficient evidence to establish that Mr. Obasogie was *discharged* "because of" his age. *Jackson*, 602 F.3d at 378 (emphasis added); *see also Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 577 (5th Cir. 2003). Mr. Obasogie thus has failed to establish a prima facie case of discrimination with respect to his wrongful termination claim; summary judgment is warranted as to this claim.

V. **CONCLUSION**

For the reasons stated in this memorandum, Defendant's summary judgment motion is **DENIED IN PART** and **GRANTED IN PART**. Summary judgment as to Mr. Obasogie's failure to promote claim is denied, as the Court cannot resolve the credibility issues at the heart of that dispute. Summary judgment as to Mr. Obasogie's termination claim is granted, because Mr. Obasogie has failed to establish the required prima facie case of discrimination.

The Court notes that Mr. Obasogie has complained that he has not received many of HCHD's filings. The Court notes further that the required Certificates of Service attached to HCHD's filings generally state that HCHD has relied upon the Court's electronic filing system to effect service upon Mr. Obasogie. HCHD must ensure that Mr. Obasogie has been and will be served with copies of all documents and materials it has filed or will file in this case, consistent with its obligations under Federal Rule of Civil Procedure 5. As a pro se party, Mr. Obasogie is not subject to service via the Court's electronic filing system.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the thirty-first day of December, 2013.

*[signature: Keith P. Ellison]*

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE